Judge Ewing
delivered the Opinion of the Court,
The plaintiffs below filed their petition against Nathaniel Hawkins and George Armstrong, upon a note purporting to have been executed to them by Nathaniel Hawkins & Co. for seven hundred dollars, “ negotiable at office of discount and deposit Bank United States at Louisville, Kentucky,” and sued out a summons thereon, which was executed upon the defendants.
Armstrong appeared and filed four several pleas:—
1. That “the note was assigned and delivered by the plaintiffs, to the President, Directors & Co. of the Bank of the United States, before the commencement of this action.”.
2. That “ at the time of the execution of the note sue on’ he was not a co-partner of the firm: of which the plaintiffs had notice.”
3 an(i 4 — which are substantially the same — that “be-*°re commencement °f the suit, the plaintiffs endorsed and delivered the note sued on to the President, Directors & Co. of the Bank of the United States, at their office of discount and deposite at Louisville, and , , . , % . ' that the whole amount thereof was paid to said Presi^en*’ Directors & Co. at their said office, and the said note was then and there cancelled by them.”
These pleas were severally demurred to, and the demurrers sustained, and judgment rendered for the plaintiffs 5 and the defendants have brought the case to this Court.
-As to the first plea' — it may be true that the note was assigned to the President &c. of the Bank of the United States, and yet be true that it did not belong to them at the institution of the suit, as the plaintiffs may have as- . . in ¶ ■»•/» i 1 _ _ signed it, and afterwards lifted the note, erased the as *129 signment and brought suit in their own names, which it was competent for them to do. The plea is not broad enough to negative this state of fact, and was therefore bad.
The second plea is good if it be tantamount to a plea of non est factum. But he may have been no partner, and yet the note be his act, and obligatory upon him, as he may have signed it himself or authorized another to do so, assuming to be a partner, and acting as such, and delivered it as his act. If so, It is obligatory upon him, though In fact he was no partner at the time.
The third and fourth pleas do not aver, by whom the note was paid. And as it was competent for the plaintiffs themselves to have paid it, as endorsers to the Bank, and taken up the note, erased the endorsement, and sued in their own names — which state of fact is not negatived by the pleas — they are also bad.
That the note was cancelled can mean no more than that it was paid off, or the debt extinguished. That it was cancelled in fact, is contradicted by the record in which the note is exhibited.
Judgment affirmed with costs.