CASE 50—PETITION ORDINARY—SEPTEMBER 21.

## Curlew Coal Company vs. Grief, &c.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

An averment in a petition that a bill was indorsed by the "Curlew Coal Company," and that it was a prior indorser, and liable to a subsequent indorser who had paid the bill, and that the defendants were members of the company at the

time of indorsing the bill, is well answered by a denial that the defendants were members of the company.

KING & HUGHES, for appellants, cited *Civ. Code, sec.* 341; 2 *Met.*, 543.

L. D. HUSBANDS, for appellees, cited 2 *Marsh.*, 453; 6 *Dana*, 128.

JUDGE·HARDIN DELIVERED. THE OPINION OF THE COURT:

This was an action brought by the appellee against Brigham, Smith, and James, as members of the Curlew Coal Company, to recover the amount of a bill of exchange drawn by Geo. W. Jope & Co. on Wm. Dean & Co., payable to their own order, for $1,166 30, and indorsed by said Jope & Co. "*Curlew Coal Company,*" William Grief, and John Grief, the appellee, who alleges, that, at the maturity of the bill, it was protested for non-payment, and subsequently paid by him to the holder and taken up.

If the petition avers enough, if true, to fix individual responsibility on the appellants as prior indorsers, it is contained in the following allegations:

"That the said *Curlew Coal Company* are prior indorsers on said bill, and responsible to him for repayment of said amount. Said bill is herewith filed.

"Plaintiff states that the defendants, F. W. Brigham, N. J. M. Smith, and James, are, and were at the indorsing of said bill, members of said Curlew Coal Company."

The defendants filed an answer, in the first paragraph of which the following averment is made, and which, together with the petition, presents the only question we deem it necessary to consider here:

"F. W. Brigham and D. C. James deny that they were members of Curlew Coal Company."

The circuit court sustained a demurrer to the answer, and the defendants failing to answer further, a judgment was rendered against them; from which Brigham and James have appealed to this court.

Whether the simple denial of the appellants that they were members of "*Curlew Coal Company*" was sufficient, if true, to bar the action as to them, depends, in our opinion, very materially on the extent, if not the sufficiency, of the petition.

In Isaack & Rolle vs. Porter *et al.* (2 *Marshall*, 453), and also in Hawkins and Armstrong vs. Fellows (6 *Dana*, 128), to which we have been referred, this court, in substance, hold, that where parties were individually sued as members of a copartnership or firm, on an obligation purporting to be, *and alleged to have been*, executed by them as such, a plea by part of them, simply denying that they were members of the copartnership, was insufficient on demurrer, for the reason, that, notwithstanding the truth of this denial, it might still be true that the obligation sued upon was the act and deed of the parties; and if, in this case, the petition had contained the substantive allegation that the defendants, by themselves or by another, indorsed the bill, by the name and style of the "Curlew Coal Company," which we think it does not, we would not doubt that the demurrer to their answer was properly sustained, for the reason that the answer fails to deny that the indorsement is their act and deed.

But whether the court, for the reasons indicated, should or not have sustained the demurrer to the petition instead of the answer—inasmuch as the answer controverts the statement that the appellants were members of the company—the only fact alleged in the petition to make them individually liable as indorsers of the bill, we are constrained to regard it as presenting a bar to the action so far as the appellants, Brigham and James, were concerned.

It seems to us, therefore, that the court erred in sustaining the demurrer to the answer of Brigham and James, and rendering the judgment against them.

Wherefore, the judgment as to the appellants, Brigham and James, is *reversed*, and the cause remanded for further proceedings not inconsistent with this opinion.